**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK A. CLARK,

      Plaintiff-Appellant,

v.

YELLOW TRANSPORTATION,
INC.,

      Defendant-Appellee.

No. 09-3270
(D.C. No. 2:07-CV-02072-JPO)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **BALDOCK** and **TACHA**, Circuit Judges.

---

Plaintiff Mark A. Clark, appearing pro se, appeals from the district court's

order granting summary judgment in favor of defendant Yellow Transportation,

Inc. ("Yellow") on his complaint alleging race discrimination and retaliation in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The parties are familiar with the facts, which are set forth in the district court's thirty-five-page summary judgment order. Briefly, Mr. Clark, an African-American, is employed as an over-the-road driver with Yellow, a motor carrier company. Mr. Clark was warned in October and November 2005, that he had taken a longer rest period after a run than he was entitled to and that further similar conduct would result in disciplinary action. Mr. Clark alleges that Yellow issued the warning letters based on race discrimination and retaliation for a prior EEOC charge. In July 2006, Mr. Clark's co-driver, who is also African-American, was terminated after an accident, though he was re-hired nine days later. Mr. Clark alleges that he was affected by his partner's termination and that a white driver was not terminated after a similar accident.

The district court granted Yellow's motion for summary judgment. It ruled that Mr. Clark failed to timely exhaust his administrative remedies as to the July 2006 accident because all of the adverse actions he alleged had occurred more than 300 days before he filed his November 2007 EEOC charge. *See* 42 U.S.C. § 2000e-5(e); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (recognizing this court's holding that exhaustion of administrative remedies is a jurisdictional prerequisite to suit in Title VII cases). Viewing the evidence in the light most favorable to Mr. Clark, the district court ruled that the 2005 warning letters could constitute adverse employment actions, but that Mr. Clark failed to establish a prima facie claim of racial discrimination because he had not

presented evidence that similarly situated employees were treated differently. *See Trujillo v. Univ. of Colo. Health Scis. Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998) (placing the burden on the plaintiff to establish a prima facie case of discrimination by showing (1) that he is a member of a racial minority, (2) that he was subject to an adverse employment action, and (3) that similarly situated employees who are not members of the minority class were treated more favorably). The district court also ruled that Mr. Clark failed to establish a prima facie case of retaliation because he did not present evidence of any causal connection between the 2005 letters and the EEOC charge filed more than one year earlier. It further ruled, as to both the discrimination and retaliation claims, that Mr. Clark did not argue or present any evidence that Yellow's stated reasons for issuing the warning letters were pretextual. *See Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995) (holding that plaintiff may resist summary judgment by presenting evidence that the employer's proffered non-discriminatory reason for the adverse action was pretextual or unworthy of belief). This appeal followed.

We review a grant of summary judgment de novo, using the same legal standard applied by the district court. *Young v. Dillon Cos.*, 468 F.3d 1243, 1249 (10th Cir. 2006). Summary judgment is proper where "the pleadings, the discovery materials on file, and any affidavits," demonstrate that there is no genuine issue of material fact and "that the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c)(2). "In conducting our analysis, we view all of the facts in the light most favorable to the non-movant and draw all reasonable inferences from the record in favor of the non-moving party." *Young*, 468 F.3d at 1249.

On appeal, Mr. Clark asserts that (1) he was unable to file a timely EEOC charge because he could not to find an attorney to take his case; (2) he did not violate Yellow's rest period policies; (3) evidence that four of the eighteen drivers who received rest-period warning letters were African-American is evidence that similarly situated employers were treated more favorably because this percentage is disproportionate to the number of African-Americans employed by Yellow; (4) he did suffer adverse consequences because of his co-driver's nine-day termination; and (5) on occasion he was not assigned a route until after a white driver, in violation of Yellow's first-in-first-out work rules. Mr. Clark also contends the district court erred in denying his motion to amend to add a hostile work environment claim based on an offensive photograph of NFL quarterback Michael Vick hung near a work time clock.

We have carefully examined the parties' briefs, the record, and the district court's orders granting summary judgment and denying the motion to amend in light of the governing law. We commend the district court for its thoroughness in setting forth the factual background of Mr. Clark's claims and for its excellent analysis of his discrimination and retaliation claims. We conclude that the court

correctly decided this case, and we affirm for substantially the same reasons as those thoroughly explained in its August 25, 2009, order. Further, we find no error in the district court's order denying Mr. Clark's motion to amend his complaint because evidence of only one allegedly offensive photograph fails to state a hostile work environment claim. *See Creamer v. Laidlaw Transit, Inc.*, 86 F.3d 167, 170-71 (10th Cir. 1996) (affirming determination that one incident was insufficiently severe to create a hostile working environment).

The judgment of the district court is AFFIRMED.

Entered for the Court


Deanell R. Tacha
Circuit Judge